IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ARIHANT, INC.; ASHOK N.<br>PARIKH; RANI A. PARIKH;<br>VANOD J. DALAL; AND<br>SUNITI V. DALAL,<br><br>    Defendants. | No. C07-0145<br><br>ORDER FOR SUMMARY<br>JUDGMENT AND DISMISSING<br>COUNTERCLAIM |

**TABLE OF CONTENTS**

*I.*    *INTRODUCTION.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*II.*    *RELEVANT FACTS.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*III.*   *ISSUES PRESENTED.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*IV.*   *DISCUSSION.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
       *A.*     *Motion to Dismiss Counterclaim* . . . . . . . . . . . . . . . . . . . . 4
              *1.*     *Legal Standard.* . . . . . . . . . . . . . . . . . . . . . . . . . 4
              *2.*     *Analysis.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
       *B.*     *Motion for Summary Judgment.* . . . . . . . . . . . . . . . . . . . . 7
              *1.*     *Legal Standard.* . . . . . . . . . . . . . . . . . . . . . . . . . 7
              *2.*     *Analysis.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*V. ORDER.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

1

## I. INTRODUCTION

This matter comes before the Court on the Renewed Motion to Dismiss Defendants' Counterclaim and Plaintiff's Motion for Summary Judgment (docket number 9) and the Motion for Relief from Local Rule 56 (docket number 10), both filed by the Plaintiff on April 29, 2008.[1] Pursuant to Local Rule 7.c, the Motions will be decided without oral argument.

Defendants have not responded to either Motion and the time for doing so has now expired. The deadline for Defendants to file a resistance to Plaintiff's Motion for Relief from Local Rule 56 was May 16, 2008.[2] The deadline for Defendants to respond to Plaintiff's Motion for Summary Judgment was May 23, 2008.[3] If a timely resistance is not filed, the motion may be granted without notice.[4]

## II. RELEVANT FACTS

On December 19, 2007, the United States of America filed a Complaint (docket number 1) alleging entitlement to recover judgment against Defendants based on a promissory note dated April 23, 1997. In their Answer (docket number 4), filed on

---

[1] By consent of the parties, this matter has been referred to the undersigned United States Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(c). *See* Order of Reference (docket number 11).

[2] "Each party resisting a motion must, within 14 days after the motion is served, file a brief containing a statement of the grounds for resisting the motion and citations to the authorities upon which the resisting party relies." Local Rule 7.e. An additional three days is added after electronic service, pursuant to Local Rule 6.

[3] "A party resisting a motion for summary judgment must, within 21 days after service of the motion," file a brief, response to the statement of material facts, a statement of additional material facts that the resisting party contends precludes summary judgment, and an appendix. Local Rule 56.b. An additional three days is added for electronic service, pursuant to Local Rule 6.

[4] "If no timely resistance to a motion is filed, the motion may be granted without notice." Local Rule 7.f. "If no timely resistance to a motion for summary judgment is filed, the motion may be granted without prior notice from the court." Local Rule 56.c.

January 24, 2008, Defendants admitted that a true and correct copy of the promissory note executed by the corporate Defendant was attached to the Complaint as Exhibit A. Defendants further admitted that each of the individual Defendants executed a personal guaranty of the Arihant promissory note, with copies attached to the Complaint as Exhibits B, C, D, and E. Defendants deny that they are delinquent on the payments to Plaintiff, however, "on the grounds that Plaintiff did not give Parikhs and Dalals notice of disposition of the Arihant motel property as required by *United States v. Jenson [sic]*, 418 N.W.2d 65 (Iowa 1988)."[5] Defendants also deny the amount which Plaintiff claims is due and owing.

In addition to their Answer, Defendants filed a Counterclaim in two counts. Count I claims that the Small Business Administration was negligent in failing "to preserve the value of the Arihant motel collateral during the foreclosure process by Guaranty Bank and Trust Company."[6] Count II, entitled "Delay," alleges that the Small Business Administration did not negotiate with the Defendants in good faith and the delay in bringing the instant action "was harmful" to the Defendants.

### III. ISSUES PRESENTED

In the instant Renewed Motion to Dismiss Defendants' Counterclaim and Plaintiff's Motion for Summary Judgment, Plaintiff requests that the Court enter an order dismissing the Counterclaim and ordering judgment for Plaintiff on its claim against Defendants. Plaintiff argues that the Counterclaim fails to state a claim upon which relief could be granted and, therefore, dismissal is proper. Plaintiff argues further that Defendants admit that the corporate Defendant executed the promissory note and each of the individual Defendants personally guaranteed the promissory note and, therefore, summary judgment should be awarded on the Complaint.

---

[5] *See* Defendants' Answer and Counterclaim (docket number 4), ¶ 11 at 4.

[6] *See* Defendant's Answer and Counterclaim (docket number 4), ¶ 2 at 5.

## IV. DISCUSSION

### A. Motion to Dismiss Counterclaim

#### 1. Legal Standard

FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) permits a party to file a motion to dismiss based on the other party's "failure to state a claim upon which relief can be granted." In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court assumes as true all factual allegations of the complaint. *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007). The court is required to construe the facts in the light most favorable to the claimant. *Botz v. Omni Air Int'l.*, 286 F.3d 488, 489 (8th Cir. 2002). The court may dismiss the complaint "only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations." *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995). *See also Blomberg v. Schneiderheinz*, 632 F.2d 698, 699 (8th Cir. 1980) ("A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the litigants can prove no set of facts in support of their claim which would entitle them to relief."); *Hafley v. Lohman*, 90 F.3d 264 (8th Cir. 1996) (same). "However, the complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claim to avoid dismissal." *Levy*, 477 F.3d at 991 (quoting *DuBois v. Ford Motor Credit Co.*, 276 F.3d 1019, 1022 (8th Cir. 2002)). "To avoid dismissal on a motion to dismiss for failure to state a claim, a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions." *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001).

#### 2. Analysis

For purposes of the Motion to Dismiss the Counterclaim, the Court assumes that the following facts are true: On May 1, 2005, Guaranty Bank and Trust Company filed a foreclosure petition against the Arihant motel property, which was the primary security for the promissory note with the Small Business Administration ("SBA"). SBA did

4

nothing to "preserve the value" of the motel property during the foreclosure process. The motel property was sold at a sheriff's sale on November 29, 2005 for $910,000.00, with Guaranty Bank and Trust Company being the successful bidder. SBA did not attend the sale "nor bid at the sheriff's sale to protect the value of the Arihant motel collateral." While SBA had a one-year right of redemption, it did not redeem the motel property "nor did it take any action to preserve or maintain the value of the Arihant motel property during the one year following the sheriff's sale." Furthermore, the SBA "did not give Parikhs and Dalals any notice of its intentions with regard to the preservation or maintenance of the value of the Arihant motel property collateral during the foreclosure process or during the year long redemption period."

In Count I of their Counterclaim, entitled "negligence," Defendants claim that they are entitled to judgment against the SBA "for their damages arising out of the SBA's failure to preserve and maintain the primary collateral for the note, the Arihant motel property." Even assuming the truth of the factual allegations set forth in Count I of the Counterclaim, however, the Court concludes Defendants have failed to state a claim upon which relief can be granted.

Defendants failed to respond to the Motion to Dismiss and, therefore, the Court is left to speculate regarding their theory of "negligence" against the SBA. In order to prevail on a claim of negligence, the claimant must establish that (1) the other party owed the claimant a duty of care, (2) the other party breached that duty, (3) the breach was the actual and proximate cause of the claimant's injuries, and (4) the claimant suffered damages. *Novak Heating & Air Conditioning v. Carrier Corp.*, 622 N.W.2d 495, 497 (Iowa 2001). Count I of Defendants' Counterclaim presumes that the SBA had a duty toward Defendants to preserve and protect the collateral. Nothing in the promissory note, however, or the guaranties signed by Defendants places any burden upon the SBA to protect or maintain the collateral. Instead, the promissory note places that obligation on Arihant, Inc.

5

> The Undersigned [Arihant, Inc.] agrees to take all necessary steps to administer, supervise, preserve, and protect the Collateral; and regardless of any action taken by Payee [Iowa Business Growth Company] or SBA as assignee, there shall be no duty upon Payee or SBA as assignee in this respect.

*See* Promissory Note (docket number 1-3) at 3.

Assuming the truth of all of the allegations set forth in Count I of the Counterclaim, and giving Defendants all reasonable inferences to be drawn from those allegations, the Court nonetheless concludes that Defendants have failed to state a claim upon which relief may be granted. Defendants have failed to establish that the SBA had a duty of care toward Defendants regarding preservation of the motel property. It is axiomatic that if there was no such duty, then the SBA cannot be liable to Defendants for an alleged breach of that duty.

In their Counterclaim, Defendants cite *United States v. Jensen*, 418 N.W.2d 65 (Iowa 1988). There, the defendant signed a personal guaranty in connection with an SBA loan from a local bank. The bank took a security interest and, after the borrower defaulted on the loan, the bank began collection proceedings, eventually selling the collateral covered by its security agreement. Jensen, the guarantor, was not notified of the bank's intention to dispose of the collateral. SBA eventually sued Jensen in federal court on her guaranty agreement and she defended on the ground that the bank's failure to serve her with a notice of its intended disposition of the collateral deprived the SBA of any rights to a deficiency judgment. *Id.* at 65. Relying on a provision found in the Iowa Uniform Commercial Code, requiring a waiver of notification of sale to be after default in order to be effective, the Court concluded that a prior waiver of notice by Jensen was ineffective. In the instant action, however, the Defendants were made parties to the foreclosure action and, therefore, received notice that the motel property was being sold. Unlike Jensen, Defendants had notice of the sale and could have taken whatever actions they believed appropriate to protect their interests. Furthermore, Iowa Code § 554.9504(3) is not applicable to this case.

In Count II of their Counterclaim, entitled "delay," Defendants claim that they are entitled to judgment "for their damages arising out of the SBA's delay and failure to negotiate in good faith." Assuming the truth of the allegations set forth in Count II, Arihant, Inc. made its last payment to the SBA in early 2005. The SBA did not take any action "to preserve and maintain the Arihant motel property collateral" in 2005 or 2006. The individual Defendants attempted to negotiate with the SBA in 2007 regarding the alleged deficiency due on the promissory note guaranties, but the SBA did not negotiate in good faith.

Defendants do not claim that this action was brought beyond the statute of limitations, nor have they cited any authority in support of their theory that they are entitled to recover due to the SBA's "delay" in filing suit. In its Brief, the Government cites authority for the proposition that Defendant is not entitled to recover by reason of waiver or estoppel. The Court notes, however, that those claims are not raised in Count II of the Counterclaim. The Court concludes that Defendants have failed to state a claim upon which relief may be granted and, therefore, Plaintiff's Motion to Dismiss the Counterclaim should be granted.

### B. *Motion for Summary Judgment*

#### *1. Legal Standard*

Summary judgment is appropriate if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "An issue of fact is genuine when a 'reasonable jury could return a verdict for the nonmoving party.'" *Friends of Boundary Waters Wilderness v. Bosworth*, 437 F.3d 815, 821 (8th Cir. 2006) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is a "material fact" when it "might affect the outcome of the suit under the governing law. . . ." *Anderson*, 477 U.S. at 248. The court must view the record in the light most favorable to the nonmoving party and afford it all reasonable inferences. *Baer Gallery, Inc. v. Citizen's Scholarship Foundation of America,*

*Inc.*, 450 F.3d 816, 820 (8th Cir. 2006) (citing *Drake ex rel. Cotton v. Koss*, 445 F.3d 1038, 1042 (8th Cir. 2006)).

Procedurally, the moving party bears the initial responsibility of informing the court of the basis for its motion, and must identify those portions of the record which it contends show a lack of a genuine issue of material fact. *Heisler v. Metropolitan Council*, 339 F.3d 622, 631 (8th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)); *see also Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (same). Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party has an affirmative burden to go beyond the pleadings and by depositions, affidavits, or otherwise, designate "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *see, e.g., Baum v. Helget Gas Products, Inc.*, 440 F.3d 1019, 1022 (8th Cir. 2006) ("Summary judgment is not appropriate if the non-moving party can set forth specific facts, by affidavit, deposition, or other evidence, showing a genuine issue for trial."). The nonmoving party must offer proof "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. "'Evidence, not contentions, avoids summary judgment.'" *Reasonover v. St. Louis County, Mo.*, 447 F.3d 569, 578 (8th Cir. 2006) (quoting *Mayer v. Nextel West Corp.*, 318 F.3d 803, 809 (8th Cir. 2003)).

2. *Analysis*

In its Complaint, the Government seeks judgment against Defendants based on a promissory note executed by the corporation and personal guaranties signed by each of the individual Defendants.[7] Defendants admit that the corporate Defendant executed the promissory note and that the individual Defendants each executed a personal guaranty. The individual Defendants deny the amount claimed by Plaintiff to be due on the note,

---

[7] In their Answer, Defendants admit that "Plaintiff is the assignee of the promissory note executed by Arihant, Inc., and the related security documents." *See* Defendants' Answer and Counterclaim (docket number 4), ¶ 10 at 4.

8

however, and "remit Plaintiff to its strict proof thereof." *See* Defendants' Answer and Counterclaim (docket number 4), ¶ 12 at 4. While the individual Defendants admit that they have not made any payments on their personal guaranties, they deny that they are delinquent on the payments, "on the grounds that Plaintiff did not give Parikhs and Dalals notice of disposition of their Arihant motel property as required by *United States v. Jenson* [*sic*], 418 N.W.2d 65 (Iowa 1988)." *See Id.*, ¶ 11 at 4.

In support of its Motion for Summary Judgment, Plaintiff submitted the Affidavit (docket number 9-4) of Debora A. Anderson, district counsel for the SBA. According to the Affidavit, Guaranty Bank and Trust Company brought a foreclosure action in Linn County against the SBA and the Defendants named in the instant action. On August 29, 2005, judgment was entered in favor of Guaranty Bank and Trust Company in the amount of $1,159,576.75 for principal, plus $29,109.08 for accrued interest, plus interest at $190.61 per diem from May 11, 2005, plus costs of $5,821.86, plus additional fees and costs reasonably advanced for care and preservation of the mortgaged property. The property was appraised in "as is" condition at $910,000.00 and, therefore, the SBA "determined that there was no equity for SBA in the property and did not bid at the [sheriff's] sale." *See* Affidavit (docket number 9-4), ¶ 5 at 2. For the same reason, SBA did not exercise its right of redemption. *Id.*

According to Ms. Anderson's Affidavit, the unpaid balance on the promissory note is $797,897.75 in principal, interest of $139,454.77 as of September 1, 2007, interest at the daily rate of $139.03 from September 1, 2007, to the date of judgment, interest thereafter at the legal rate, and recoverable costs. Defendants have not filed any documents or affidavits refuting the amount claimed by Ms. Anderson in her Affidavit. Accordingly, the Court concludes that the amount claimed in the Affidavit is, in fact, the amount owed on the promissory note.[8]

---

[8] *See* Local Rule 56.b, which provides, in part, as follows:
(continued...)

9

The Court concludes that there is no genuine issue material fact and the Plaintiff is entitled to judgment as a matter of law. In their Answer, Defendants admitted the execution of the promissory note and their personal guaranties. The amount due and owing on the promissory note is uncontested. For the reasons set forth on page 6 above, the Court concludes that Defendants' reliance on *United States v. Jensen* is misplaced. Therefore, the Court concludes that Plaintiff's Motion for Summary Judgment should be granted.

## V. ORDER

IT IS THEREFORE ORDERED as follows:

1. Plaintiff's Motion for Relief from Local Rule 56 (docket number 10) is hereby **GRANTED**.

2. Plaintiff's Motion to Dismiss Defendants' Counterclaim (docket number 9) is hereby **GRANTED**. The Counterclaim filed by Defendants (docket number 4) is hereby **DISMISSED**.

3. Plaintiff's Motion for Summary Judgment (docket number 9) is hereby **GRANTED**. Judgment shall enter in favor of Plaintiff United States of America and against the Defendants, jointly and severally, in the amount of Seven Hundred Ninety-Seven Thousand Eight Hundred Ninety-Seven Dollars and seventy-five cents ($797,897.75) in principal, plus interest of One Hundred Thirty-Nine Thousand Four Hundred Fifty-Four Dollars and seventy-seven cents ($139,454.77) as of September 1,

---

[8](...continued)
> A response to an individual statement of material fact that is not expressly admitted must be supported by references to those specific pages, paragraphs, or parts of the pleadings, depositions, answers to interrogatories, admissions, exhibits, and affidavits that support the resisting party's refusal to admit the statement, with citations to the appendix containing that part of the record. The failure to respond, with appropriate citations to the appendix, to an individual statement of material fact constitutes an admissions of the fact.

2007, plus interest at the daily rate of One Hundred Thirty-Nine Dollars and three cents ($139.03) from September 1, 2007 to the date of entry of this judgment, plus interest on the principal amount following judgment at the legal rate.

DATED this 4th day of June, 2008.

JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA